**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EQUIPMENT RENTAL &** ) | |
| **CONTRACTORS CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 07-0158-CG-B** |
| ) | |
| **THE NORTH RIVER INSURANCE** ) | |
| **COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the court on plaintiff's motion to amend complaint to add claims

and parties (Doc. 29) and defendant's opposition thereto (Doc. 32).  For the reasons explained

below, the court finds that plaintiff's motion is due to be **GRANTED in part and DENIED in**

**part.**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when

justice so requires."  "[T]he rule contemplates that leave shall be granted unless there is a

substantial reason to deny it." Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d

441, 443 (11th Cir. 1985); see also Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407  (11th

Cir.1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the

district court is not broad enough to permit denial.").

> In the absence of any apparent or declared reason - such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc. - the leave
> sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  Defendant first argues that the

1

amendment would greatly expand the scope of the matter requiring substantial additional discovery and the use of expert witnesses.  Defendant contends that the expansion of the case would unduly prejudice defendant.   A district court need not grant leave to amend where allowing the amendment would cause undue prejudice to the opposing party Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing  Foman, 371 U.S. at 182).  However, plaintiff moved to amend within the time limit set for amendments in this case and discovery remains open until September 21, 2007. (See Doc. 27).  In addition, the court is amenable to allowing additional discovery time, as requested by defendant, upon plaintiff being permitted to amend its complaint.  Defendant has not argued that the amendment is in bad faith or that plaintiff unduly delayed amending its pleading.  Therefore, the court finds that the amendment will not unduly prejudice defendant.

Defendant also argues that adding Crum & Forster as a defendant would be futile.  A district court need not grant leave to amend where amendment would be futile. Bryant, 252 F.3d at 1163 (citing Foman, 371 U.S. at 182).  Defendant asserts that Crum and Forster was already dismissed from this case.  However, the dismissal of Crum & Forster was because Crum & Forster was mistakenly alleged to be the party that issued the insurance policy at issue.  The original complaint asserted claims against Crum & Forster as the insurer, rather than as the adjuster.  When it was determined that the insurer had been incorrectly named, the court allowed the parties to substitute the correct entity, The North River Insurance Company, in place of Crum & Forster.  The court made no determination at that time that plaintiff could not maintain any claim against Crum & Forster.

Defendant also asserts that Alabama law does not permit bad faith actions against non-

insurers. See Gaylord v. Lawler Mobile Homes, Inc., 477 So.2d 382, 383-84 (Ala. 1985) ("The

tort of bad faith has been recognized in this state only within the insurance policy context.").

The court notes, however, that the proposed amended complaint asserts more than just a claim of

bad faith against Crum & Forster.  The proposed amended complaint asserts claims for

fraudulent misrepresentation, bad faith, negligence and recklessness and wantonness against

Crum & Forster.   Clearly some of these claims cannot be maintained against an insurance

adjuster.  The Alabama Court of Civil Appeals has explicitly "agree[d] with those courts that

have refused to find that an independent adjustor or investigator that was hired by an insurance

company to investigate or adjust the claim of one of its insureds owes a duty to the insured."

Akpan v. Farmers Insurance Exchange, Inc., — So.2d ----,  2007 WL 80497, *8 (Ala.Civ.App.

Jan. 12, 2007).   It is unclear exactly what relationship Crum & Forster had with The North River

Insurance Company.[1]  However, the Crum & Forster entity which acted as adjuster for the claim

at issue is apparently a separate entity that was not a party to the insurance contract.  Clearly,

Crum & Forster's duties and loyalties lie with the insurer, rather than the insured.  Thus, plaintiff

cannot recover under a negligence or bad faith theory against Crum & Forster because it owed

no duty to the insured with respect to its adjustment.[2] Id. at *6  ("The existence of a duty to the

---

[1] The proposed amended complaint states that Crum & Forster is the company through which North River adjusted the loss at issue but that its precise legal name is unclear.  According to the amended complaint, the World Wide Web posting for "The North River Insurance Company Crum & Forster Holding Inc." lists several Crum & Forster entities through which it provides insurance products and services. (Proposed Amended Complaint ¶¶ 4, 5).

[2] To recover under plaintiff's negligence claim, plaintiff must demonstrate: "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." Kanellis v. Pacific Indem. Co., 917 So.2d 149, 155 (Ala.Civ.App. 2005).  Likewise, a claim of bad faith requires that plaintiff show that Crum & Forster breached a duty implied by law - the duty of good faith and fair dealing. Singleton v. State Farm Fire & Cas. Co., 928 So.2d 280, 283 (Ala. 2005) (citation omitted).

plaintiff is fundamental to a negligence claim." citations and quotations omitted); see also

Gardner v. First Premium Ins. Group,  2007 WL 1283999, *2 (S.D. Ala. April 30, 2007) (quoting

Akpan supra).  For the same reason, plaintiff cannot recover against Crum & Forster under a

theory of recklessness and wantonness as alleged in the proposed amended complaint.[3]

However, Alabama courts have recognized claims for fraudulent misrepresentation against

insurance adjusters.[4]  "[A] cursory review of Alabama law by this Court has revealed

well-established precedent for asserting a fraud claim against an insurance adjuster." Webb v.

Encompass Ins. Co., Inc.,  2007 WL 136698, *8 (S.D. Ala. January 12, 2007) (citing Clark v.

Liberty Mut. Ins. Co., 673 So.2d 395, 395 & 398 (Ala.1995); Sides v. Drake, 719 So.2d 853, 854

& 855 (Ala.Civ.App.1998); White v. State Farm Fire & Cas. Co., 2006 WL 2216500, *2 & * 11

(Ala.2006); State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 320 (Ala.1999)).  Therefore,

the court finds that plaintiff's proposed claims against Crum & Forster for bad faith, negligence,

and wantonness and recklessness are futile and will not be allowed.  However, defendant has not

shown that plaintiff's fraudulent misrepresentation claim against Crum & Forster is futile, and,

---

[3] Alabama courts have defined wantonness as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from the doing or omitting to do an act, injury will likely or probably result." Serio v. Merrell, Inc., 941 So.2d 960, 966-967 (Ala. 2006); Pritchett v. ICN Medical Alliance, Inc., 938 So.2d 933, 939 (Ala. 2006); Monroe v. Brown, 307 F.Supp.2d 1268, 1271 (M.D. Ala.2004).  The proposed amended complaint alleges under Count Five that "Defendants owed Plaintiffs a duty to exercise reasonable care, skill and diligence in administrating this claim" and "recklessly and wantonly breached that duty..." (Proposed Amended Complaint ¶¶ 62 & 63) (emphasis added).

[4] Plaintiff does not have to show that Crum & Forster owed a duty to plaintiff to recover under a claim of fraudulent misrepresentation. See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 244 (Ala.1992) ("The elements of fraudulent misrepresentation are (1) misrepresentation of a material fact (2) made willfully to deceive or recklessly without knowledge (3) which was justifiably relied upon by the plaintiff under the circumstances and (4) which caused damage as a proximate consequence.").

thus, the court will allow plaintiff to amend its complaint to include such a claim.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend complaint to add claims and parties (Doc. 29) is **GRANTED in part** and **DENIED in part** to the extent that plaintiff may amend its complaint but may not include claims for bad faith, negligence or wantonness and recklessness against Crum & Forster.  Plaintiff is **ORDERED** to file a new amended complaint that complies with the above, **on or before July 27, 2007.**

Once the amended complaint is filed, this matter is **REFERRED to the magistrate judge** for entry of an amended scheduling order in light of the additional claims to be asserted in the amended complaint.

**DONE and ORDERED** this 20th day of July, 2007.

         /s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE