IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUIPMENT RENTAL & CONTRACTORS CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 07-0158-CG-B ) |
| THE NORTH RIVER INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on plaintiffs' motion to enforce settlement agreement and for sanctions (Doc. 56), The North River Insurance Company's response and cross-motion to enforce settlement agreement, or in the alternative for a settlement conference (Doc. 59), and plaintiffs' motion for oral argument (Doc. 61). The court finds that oral argument is not necessary for a determination of the motions to enforce settlement and, thus, the court will **DENY** the motion for oral argument. As to the motions to enforce settlement, the court finds that there has been no meeting of the minds and, thus, no valid settlement agreement entered into by the parties. Therefore, the motions to enforce settlement agreement are due to be **DENIED**.

**FACTS**

This action involves insurance claims for property damage sustained by plaintiffs on or about August 29, 2005, from Hurricane Katrina. The parties in this case attempted to settle their claims via fax and email and thought that a final settlement had been reached. However, the parties now dispute the terms of the settlement. Formal settlement negotiations apparently began with plaintiffs faxing an offer of settlement to counsel for North River on August 13, 2007. In

1

this first fax, plaintiffs discussed their attempts to estimate the cost of repairing the damages made the subject of this suit and offered to resolve this case for $138,500.00. (Defendants' Ex. A). Plaintiffs' fax stated that if defendants accepted the offer, plaintiffs would waive all claims in the lawsuit. (Id.). On August 23, 2007, North River extended a counter-offer of $94,579.00 "to settlement of this case." (Defendants' Ex. B). Plaintiffs' counsel responded by email on August 23, 2007, confirming receipt of North River's offer and stating that they would reduce their demand to $133,500.00. (Defendants' Ex. C). On August 27, 2007, counsel for North River emailed plaintiffs' counsel stating that "North River accepts your settlement offer in the amount of $133,500.00 to settle all claims and disputes between North River and its affiliates and your client." (Defendants' Ex. D). Almost simultaneously, plaintiffs' counsel emailed North River an offer to settle for $130,000; however, upon receiving North River's August 27, 2007, email, plaintiffs emailed back that plaintiffs accept North River's offer and withdraw the email just sent. (Defendants' Ex. E). Another email reiterated that plaintiffs' counsel was "pleased that North River has accepted" the offer of $133,500 and again stated that they were withdrawing the email sent a minute before the acceptance. (Defendants' Ex. F).

     The parties now dispute what claims were included in the settlement. Plaintiffs contend that the settlement only included the claims asserted in this law suit. Conversely, defendants contend that the settlement includes "all claims and disputes" between the parties as expressly stated in defendants' August 27, 2007, email. Plaintiffs explain that they have an additional claim against defendants which was partially settled in April 2006. The 2006 settlement involved damage to a Liebherr LTM 1800 crane at a customer's property on May 15, 2005. This prior settlement provided that $176,844.00 in possible repairs was left "open" if it was agreed that additional repairs were required. Plaintiff states that the claims in this lawsuit include

damage from Hurricane Katrina to the boom and jib of the Liebherr LTM 1800 crane which had been detached from the crane's body after the May 2005 incident and stored in plaintiffs' yard.

## DISCUSSION

It is fundamental that in order for a contract to be binding and enforceable, there must be a meeting of the minds on all essential terms and obligations of the contract. Browning v. Peyton, 918 F .2d 1516, 1521 (11th Cir. 1990). "Unless an acceptance is unconditional and without variance from the offer, in legal effect it is not an acceptance, but is a counteroffer." Florida Towing Corp. v. Oliver J. Olson & Co., 426 F.2d 896, 900 (5th Cir. 1970). "Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds." Johnson v. University College of the University of Alabama in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983).

On August 13, 2007, plaintiffs offered to resolve the claims in this lawsuit for $138,500.00. Then, on August 23, 2007, plaintiffs offered to reduce their demand to $133,500.00. North River's response stated that it accepted the offer but added that it would settle "all claims and disputes between North River and its affiliates and your client." There was clearly no agreement at that point, because North River had not accepted the terms offered. Plaintiffs' counsel then sent two emails - the first says that plaintiffs accept North River's offer, but the second attempts to confirm that plaintiffs are pleased that North River has accepted plaintiffs' offer of $133,500.00. Plaintiffs and North River apparently both believed at this point that they had settled, but each believed the terms of the settlement were something different. Clearly, there was no meeting of the minds between plaintiffs and North River. Neither plaintiffs nor North River can seek enforcement of an agreement to which there was never a

meeting of the minds. The court concludes that no valid settlement agreement exists in this case.

North River's alternative request that this court conduct a settlement conference is also due to be denied. The court will not, at this stage, order plaintiffs to engage in a settlement conference. The parties are encouraged to re-initiate their own settlement negotiations and may request assistance of the court if <u>both</u> plaintiffs and defendants desire such assistance.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to enforce settlement agreement and for sanctions (Doc. 56), The North River Insurance Company's motion to enforce settlement agreement or in the alternative for a settlement conference (Doc. 59), and plaintiffs' motion for oral argument (Doc. 61), are **DENIED.**

Since this case has not settled, plaintiffs are **ORDERED on or before December 21 , 2007,** to file a new amended complaint as previously ordered. Once the amended complaint is filed, this matter is **REFERRED to the magistrate judge** for entry of an amended scheduling order in light of the additional claims to be asserted in the amended complaint.

**DONE and ORDERED** this 6th day of December, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE